## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| TERESA BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:14-CV-677-M |
| v. | ) | |
| | ) | Removed from: |
| MAXIM HEALTHCARE SERVICES, | ) | Commonwealth of Kentucky |
| INC., | ) | Jefferson Circuit Court |
| | ) | Division II, Case No. 14-CI-004632 |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MAXIM HEALTHCARE SERVICES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Maxim Healthcare Services, Inc. ("Maxim"), by and through counsel, hereby files this Notice of Removal of the above-captioned matter from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky.  Defendant respectfully states the following in support of this Notice of Removal:

1.      On or about September 5, 2014, Plaintiff Teresa Blair initiated an action against Defendant in the Jefferson Circuit Court.

2.      On September 9, 2014, Plaintiff served Defendant with a copy of the Summons and Complaint.  A true and correct copy of the Summons and Complaint is attached as Exhibit One.

3.      In the above-captioned action pending in the Jefferson Circuit Court, Plaintiff asserts: (1) that Defendant wrongfully terminated her employment in violation of the public policy embodied in Kentucky Revised Statute § 620.030; and (2) wrongfully required Plaintiff to

1

work without compensation after her termination, in violation of Kentucky Revised Statute § 337 et seq.

4.      Under 28 U.S.C. §§ 1441 and 1446, this case may be properly removed to this Court at any time within thirty (30) days from the date upon which Defendant was served with Plaintiff's Complaint and Summons.  Defendant is timely filing its removal within thirty (30) days of service.

## DIVERSITY OF CITIZENSHIP

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction between the parties.

6.      Upon information and belief, at the time this action was commenced and at all relevant times hereto, Plaintiff is or was a citizen of the Commonwealth of Kentucky.  (*See* Ex. One, Compl. ¶¶ 1, 3.)

7.      At the time this action was commenced and at all relevant times hereto, Defendant is or was a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Maryland.

8.      Thus, the parties are completely diverse for the purposes of jurisdiction.

## AMOUNT IN CONTROVERSY

9.      Although Plaintiff does not plead a specific amount of damages, the damages claimed by Plaintiff exceed $75,000, exclusive of interest and costs.

10.      Specifically, Plaintiff seeks compensatory damages, liquidated damages, punitive damages, and attorneys' fees.  (*See* Ex. One, Compl. at 5.)

11.      Removal is proper upon the Defendant's assertion that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446(c)(2)(A)(ii).  In

actions such as this where plaintiffs are precluded from specifying the amount of damages in the Complaint, the defendant must prove that it is more likely than not from "a fair reading of the complaint" that the plaintiff's claims meet the federal amount in controversy requirement.  *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Vaughan v. Dillards, Inc.*, Civ. No. 08-441, 2008 WL 4820772, at *2 (W.D. Ky. Oct. 31, 2008) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

12.     Here, a fair reading of the Complaint indicates that the aggregate of Plaintiff's claims for compensatory, liquidated, and punitive damages, along with attorneys' fees, are clearly in excess of $75,000.

a.     Plaintiff's allegations, if proven, could entitle her to significant compensatory damages in the form of lost wages and benefits.[1]  In 2013, Plaintiff's last full year of employment with Defendant, Plaintiff's annual earnings totaled $49,041.15.  (*See* Ex. Two, final pay stub.)  Assuming Plaintiff prevailed in this matter, and further assuming that trial occurred one year after the filing of Plaintiff's Complaint on September 5, 2014, back pay for the period of time between Plaintiff's termination and the date of trial alone may satisfy the amount in controversy for purposes of establishing diversity jurisdiction.

b.     Plaintiff's allegation that Defendant required her to work without compensation after her termination in violation of Kentucky Revised Statute § 337, if proven, could further entitle her to liquidated damages in an amount equal to any wrongfully withheld wages.  *See* Ky. Rev. Stat. § 337.385.

---

[1]     Although Defendant relies in part on the allegations in Plaintiff's Complaint for the purpose of calculating the amount in controversy, Defendant denies Plaintiff's allegations of wrongdoing, denies that Plaintiff is entitled to any relief whatsoever, and reserves the right to challenge all of Plaintiff's assertions.

c.     Plaintiff also seeks to recover punitive damages, which may be included in calculating the amount in controversy for purposes of establishing diversity jurisdiction. *See Klepper v. First. Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990).

d.     In addition to compensatory and punitive damages, Plaintiff seeks an award of attorneys' fees, which also may be including in calculating the amount in controversy to establish subject matter jurisdiction. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

e.     Based on the foregoing allegations and requested relief contained in Plaintiff's Complaint, the amount in controversy exceeds the Court's $75,000 jurisdictional minimum, and thus Defendant has met its burden of demonstrating that it is "more likely than not" that the amount in controversy at the time of removal exceeds the jurisdictional limit. *See Gafford*, 997 F.2d at 150.

13.     Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in Jefferson County, Kentucky. (*See, e.g.,* Ex. One, Compl. ¶¶ 3, 4.)

14.     Under Joint Local Rule of Civil Practice 3.1(b)(2), Jefferson County, Kentucky, is in the Louisville jury division.

15.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been served upon Defendant in this matter to date are included with this Notice of Removal. (*See* Ex. Three, state court filings.)

16.     Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the Jefferson County Circuit Court.

17.     Notice of the filing of this Notice of Removal will be served upon all parties who have appeared in this action.

18.     The required filing fee of $400.00 and an executed Civil Cover Sheet accompany this Notice of Removal.

WHEREFORE, Defendant respectfully requests that the Court remove this action from the Jefferson County Circuit Court to the United State District Court for the Western District of Kentucky, and that all proceedings hereafter shall take place in the United States District Court for the Western District of Kentucky.

Dated: October 8, 2014

Respectfully submitted,

/s/ Jay Inman
Jay Inman, Esq.
LITTLER MENDELSON, P.C.
333 West Vine Street, Suite 1620
Lexington, KY 40507
Tel: (859) 317-7970
Email: jinman@littler.com

*Counsel for Defendant Maxim Healthcare Services, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, the foregoing Notice of Removal has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

I further certify that, pursuant to 28 U.S.C. § 1446(d), on October 9, 2014, a copy of the foregoing Notice of Removal was filed in the Clerk's Office of the Jefferson County Circuit Court at the following address:

> Jefferson County Circuit Court Clerk
> Attn: Stepping Clerk, Civil Division Two
> 700 West Jefferson Street
> Louisville, KY 40202

/s/ Jay Inman _____
Jay Inman