| AOC-105  Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | 14CI004632<br>Case No.<br>Court  ● Circuit ☐ District<br>County  Jefferson |

**PLAINTIFF**

Teresa Blair

5607 Mary Ellen Drive

Louisville        Kentucky        40214

JEFFERSON CIRCUIT COURT
DIVISION TWO (2)

VS.

**DEFENDANT**

Maxim Healthcare Services, Inc.

9420 Bunson Parkway, #110

Louisville        Kentucky        40220

**Service of Process Agent for Defendant:**

The Prentice Hall Corporation System, Inc.

421 West Main Street

Frankfort                                    Kentucky        40601

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: SEP 5 - 2014 , 2_____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____EH_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____Title

---

**EXHIBIT ONE**

No.: **14CI004632**  JEFFERSON CIRCUIT COURT
DIVISION NO._____
JUDGE _____

TERESA BLAIR                                                                                       PLAINTIFF

                                                                        JEFFERSON CIRCUIT COURT
v.                                                                            DIVISION TWO (2)

MAXIM HEALTHCARE SERVICES, INC.

**Serve Registered Agent:**

THE PRENTICE-HALL CORPORATION SYSTEM, INC.
421 WEST MAIN ST.
FRANKFORT, KY 40601                                                                          DEFENDANT

## COMPLAINT

The Plaintiff, Teresa Blair, for her Complaint against Defendant, Maxim Healthcare Services, Inc. (Maxim) states as follows:

### JURISDICTION AND VENUE

1. Blair is a resident of Louisville, Jefferson County, Kentucky.

2. Maxim is a Maryland corporation with an office in Louisville, Jefferson County, Kentucky.

3. Blair was employed at Maxim in Louisville, Jefferson County, Kentucky.

4. Decisions regarding Blair's employment occurred in Louisville, Jefferson County, Kentucky.

5. Blair seeks damages in excess of the minimum damages available in this Court.

1

**EXHIBIT ONE**

## FACTS

6. Blair was hired as a Licensed Practical Nurse by Maxim in December 2008.

7. Blair was a "private duty nurse" who provided nursing services in patient's homes.

8. Blair was assigned to a particular patient, a minor identified herein as "Patient" from approximately September 1, 2009 until January 2014.

9. Blair provided full time nursing services to Patient throughout this time and did not care for other patients.

10. Patient had severe health issues including cerebral palsy and mental retardation. He required a tracheotomy tube and ventilator at all times.

11. Patient's mother lived with Patient and provided care when Maxim staff was not assigned to Patient. Blair repeatedly informed Maxim of her concerns about the quality of care provided by Patient's mother and the risk of serious injury to Patient posed by the mother. Blair was told not to get involved.

12. In December 2013, Blair arrived at Patient's home and found Patient's tracheotomy tube and ventilator were removed. Patient's mother appeared to be unconscious in her bed. Despite repeated attempts, Blair was unable to rouse Patient's mother.

13. Blair was able to replace the tracheotomy tube and ventilator, then called Maxim's office for advice on responding to the situation.

14. Blair again informed Maxim that Patient's mother was neglectful of Patient's needs and placed Patient in danger.

15. Blair spoke to Maxim's acting Director of Nursing, Jodie Ward, who advised Blair to take Patient to a hospital to be checked.

16. Blair arranged transportation of Patient to Kosair Children's Hospital by ambulance.

17. Blair accurately reported to the physician on call what she observed at Patient's home and shared with the physician that she believed this incident must be reported to Adult Protective Services (APS).

18. A social worker employed by the Commonwealth of Kentucky was on site at the hospital at that time. Blair provided a statement to the social worker regarding Patient's care and condition.

19. Patient was released from the hospital the following day.

20. On January 2, 2014, while Blair was working at Patient's home, APS arrived at the home to conduct an investigation.

21. Blair reported the visit from APS to Maxim Manager, Alan Woods. Woods hung up on Plaintiff.

22. Blair was required to meet with Maxim manager Kevin Sullivan and Kristy Mansgo on or about January 7, 2014.

23. During the meeting, she was reprimanded for taking Patient to the hospital and for documenting Patient's hospital care. Blair was also reprimanded for interfering with the APS investigation.

24. During this meeting, Blair was repeatedly told that child protective services case had been closed, but her actions caused it to be reopened (as an APS investigation as Patient had recently turned 18).

25. On January 16, 2014, Maxim's Clinical Supervisor, Susan Nutter, arrived at Patient's home for an unannounced supervisory visit.

**EXHIBIT ONE**

26. Nutter informed Mansgo that Blair was jeopardizing Patient's health because Patient's pulse oximeter was not attached to Patient.

27. Blair explained that Patient had two pulse oximeter devices and that the one Nutter observed was broken and not in use.

28. Blair further explained that Patient's other pulse oximeter was properly measuring Patient's oxygen levels.

29. Blair was terminated on January 17, 2014 for allegedly jeopardizing Patient's health.

30. After Blair's termination, Woods called Blair repeatedly demanding that she provide nursing notes for Patient for the last day of Blair's employment. Woods threatened to withhold Blair's wages unless and until she provided the nursing notes.

### CLAIM 1: Wrongful Termination in Violation of Public Policy

31. Blair was required to report abuse or neglect of Patient pursuant to KRS 620.030.

32. Maxim was also required to report abuse or neglect of Patient pursuant to KRS 620.030.

33. Maxim terminated Blair for making a report required by state law.

34. Termination for refusing to violate state law constitutes wrongful termination in violation of public policy.

### CLAIM 2: Violation of KRS 337 *et seq.*

35. Maxim required Plaintiff to work without compensation after her termination in violation of KRS 337 et seq.

**Wherefore**, Blair respectfully requests judgment against the Defendant for

    a. Trial by jury;

    b. Compensatory damages;

    c. Liquidated damages;

    d. Punitive damages;

    e. Attorney's fees; and,

    f. Any and all other relief the Court determines appropriate.

Respectfully submitted,

CRAIG HENRY PLC

*/s/ Michele Henry*

Michele Henry
Zachary Taylor
239 South Fifth Street
Suite 1400
Louisville, KY 40202
(502) 614-5962
(502) 614-5968 (facsimile)
mhenry@craighenrylaw.com
ztaylor@craighenrylaw.com

5

**EXHIBIT ONE**